Case No.: 6:19-CV-0917 (GLS/ML)

# EXHIBIT "A"

STATE OF NEW YORK
SUPREME COURT          COUNTY OF OTSEGO
--------------------------------------------------
ANTOINETTE M. RAGONA and
GIACINTO RAGONA,

                    Plaintiffs,      **SUMMONS**

   - against -

                                **INDEX NO.:**

HOME DEPOT U.S.A., INC.,

                    Defendants.
--------------------------------------------------

TO THE ABOVE NAMED DEFENDANT:

    **YOU ARE HEREBY SUMMONED** and required to serve upon the Plaintiffs' attorneys an answer to the Complaint in this action, within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

    Plaintiffs designate Otsego County as the place of trial. The basis of venue is that the Plaintiffs reside in the County of Otsego, State of New York.

Dated: June 18, 2019

                                               By: _____
                                                   Michael L. White, Esq.
                                                   MARTIN, HARDING & MAZZOTTI LLP
                                                   *Attorneys for Plaintiffs*
                                                   1222 Troy-Schenectady Road
                                                 P.O. Box 15141
                                                 Albany, New York 12212-5141
                                                 (518) 862-1200

STATE OF NEW YORK
SUPREME COURT     COUNTY OF OTSEGO

---

ANTOINETTE M. RAGONA
and GIACINTO RAGONA,

                     Plaintiffs,        **COMPLAINT**

- against -                      **INDEX NO.:**

HOME DEPOT U.S.A., INC.,

                     Defendants.

---

The plaintiffs, Antoinette M. Ragona and Giacinto Ragona, complaining of the Defendant, Home Depot U.S.A., Inc., by and through their attorneys, Martin, Harding and Mazzotti LLP, allege as follows:

1. That at all times hereinafter mentioned, plaintiffs Antoinette M. Ragona and Giacinto Ragona were and still are residents of the City of Oneonta, County of Otsego, State of New York.

2. Upon information and belief, at all times hereinafter mentioned, defendant Home Depot U.S.A., Inc. was and still is a foreign business corporation existing pursuant to the laws of the State of Delaware, that is licensed to do business in the State of New York, with its principal place of business located in the City of Atlanta, State of Georgia.

3. Upon information and belief, at all times hereinafter mentioned, defendant Home Depot U.S.A., Inc. owned and/or leased the premises commonly known as "Home Depot" located at 659 State Highway 28, in the County of Otsego, State of New York.

4. The incident complained of occurred on or about May 4, 2017, at approximately 8:30 p.m. on the premises known as Home Depot, Store #6173, located at 659 State Highway 28, in the City of Oneonta, County of Otsego, New York (hereinafter the "subject premises").

5. Upon information and belief, at all times hereinafter mentioned, defendant Home Depot U.S.A., Inc. operated defendant Home Depot U.S.A., Inc. at the subject premises.

6. Upon information and belief, at all times hereinafter mentioned, defendant Home Depot U.S.A., Inc. was the lessee of the subject premises.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT HOME DEPOT U.S.A., INC.

7. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the Complaint herein, all with the same force and effect as though set forth fully at this point.

8. Upon information and belief, at all times hereinafter mentioned, defendant Home Depot U.S.A., Inc. through its officers, employees, agents and/or servants, controlled the subject premises.

9. Upon information and belief, at all times hereinafter mentioned, defendant Home Depot U.S.A., Inc. through its officers, employees, agents and/or servants, managed the subject premises.

10. Upon information and belief, at all times hereinafter mentioned, defendant Home Depot U.S.A., Inc. through its officers, employees, agents and/or servants, maintained the subject premises.

11. The defendant Home Depot U.S.A., Inc. had a duty to maintain the premises in a reasonably safe condition for persons, including plaintiff Antoinette M. Ragona who was lawfully present on the subject premises.

12. At all times herein relevant, defendant Home Depot U.S.A., Inc., through one of its employees, negligently, carelessly, and recklessly stacked heavy merchandise dangerously high and in an uneven manner on a moving wheeled cart, creating a hazardous condition on the subject premises.

13. Defendant Home Depot U.S.A., Inc., through one of its employees, directed and or caused plaintiff Antoinette M. Ragona to push an overloaded cart in an unsafe manner towards the register which caused the plaintiff's injuries.

14. At all times herein relevant, defendant Home Depot U.S.A., Inc., had to duty to eliminate and/or protect the public, including the Plaintiff herein, from any dangerous, unsafe and/or hazardous conditions, from merchandise stacked dangerously high on a moving wheeled cart on the subject premises.

15. That on or about May 4, 2017, at approximately 8:30 p.m., an employee and/or agent of the defendant Home Depot U.S.A., Inc., carelessly stacked multiple large boxes of heavy tiles on a moving wheeled cart in an uneven manner.

16. That on or about May 4, 2017, at approximately 8:30 p.m., an employee and/or agent of the defendant Home Depot U.S.A., Inc., directed plaintiff Antoinette M. Ragona to push an overloaded cart containing large boxes of heavy tiles in an unsafe manner resulting in the large boxes of heavy tiles falling on the plaintiff Antoinette M. Ragona, and causing the plaintiff to sustain serious personal injuries.

17. That Home Depot U.S.A., Inc. had actual notice and knowledge of the dangerous conditions existing on said premises or should have had such notice and knowledge.

18. That defendant Home Depot U.S.A., Inc. had constructive notice and knowledge of the dangerous conditions existing on said premises or should have had such notice and knowledge.

19. That defendant Home Depot U.S.A., Inc., through its officers, agents/servants and/or employees, caused, created, and/or significantly contributed to the dangerous, hazardous and/or unsafe condition on said premises.

20. That as a result of defendant Home Depot U.S.A., Inc.'s negligence, plaintiff Antoinette M. Ragona was caused serious and permanent injuries as hereinafter alleged, without any negligence on the part of the Plaintiff contributing thereto.

21. Plaintiff Antoinette M. Ragona sustained great bodily injury so that she has been permanently, externally, internally and otherwise injured; and has and continues to suffer pain and discomfort all to her damage in a sum of money having a present value that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction of this matter.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST THE DEFENDANT

22. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the Complaint herein, all with the same force and effect as though set forth fully at this point.

23. That at all times hereinafter mentioned, plaintiff Giacinto Ragona was and still is the lawful husband of the plaintiff Antoinette M. Ragona, and as such, lived and cohabited with her and was entitled to her society, services, consortium and companionship.

24. Solely of the defendant's negligence as alleged herein, plaintiff Giacinto Ragona was caused to sustain the loss of society, companionship and consortium of his wife, plaintiff Antionette M. Ragona.

25. By reason of the foregoing, plaintiff Giacinto Ragona has been damaged by the defendant in a sum of money in excess of monetary jurisdiction of all lower courts that would otherwise have jurisdiction over this action.

**WHEREFORE,** Plaintiffs demand judgment against the Defendant on the First and Second Causes of Action, and for monetary damages in an amount having a present value that exceeds the jurisdictional limits of all lower courts that a jury finds to be fair, adequate and just,

together with the costs and disbursements of this action and for such other and further relief as to this Court seems just and proper.

DATED: June 18, 2019

By: _____
Michael L. White, Esq.
MARTIN, HARDING & MAZZOTTI LLP
*Attorneys for Plaintiffs*
1222 Troy-Schenectady Road
P.O. Box 15141
Albany, New York 12212-5141
(518) 862-1200